UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS TORRES, | ) | C.A. No. 08-200 Erie |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | |
| | ) | District Judge McLaughlin |
| JEFFREY BEARD, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss for Failure to Prosecute [Document # 29] be granted and the instant civil rights action be dismissed for Plaintiff's failure to prosecute..

**II.**     **REPORT**

    **A.**     **Relevant Procedural and Factual History**

On July 9, 2008, Plaintiff Luis Torres, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("Beard"); Kevin Lantz, F-Unit Manager at SCI-Albion ("Lantz"); Rod Showers, Unit Manager at SCI-Albion ("Showers"); and Tricia Gamble, FB Unit Counselor at SCI-Albion ("Gamble").

In his *pro se* Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exposing him to second-hand smoke, despite their knowledge that he suffers from "chronic asthma." (Complaint at p. 2). Specifically, Plaintiff claims that, despite his numerous complaints and grievances, Defendants "continue to force [him] to be house[d] in areas full of second hand smoke where smoke hovered, in Units that smokes [sic] and in cell with cellies that smoke and in so called smoke free units that staff and inmates smoke and force the plaintiff to breath second hand smoke." (Id. at p. 5, ¶ 15).

Plaintiff contends that his continued exposure to second hand smoke has exacerbated his asthma condition. In addition, Plaintiff has raised a retaliation claim, alleging that Defendants have denied and/or delayed the administration of his asthma medication in retaliation for his filing of so many grievances/complaints regarding the second hand smoke. (Id. at pp. 4, 6; ¶¶ 7, 15). As relief for his claims, Plaintiff seeks injunctive relief and monetary damages.

On October 17, 2008, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment [Document # 19], arguing, *inter alia*, that: (i) the Eleventh Amendment bars suit against the individual Defendants in their official capacities; (ii) Plaintiff fails to allege the personal involvement of Defendant Beard; (iii) Plaintiff's exposure to second hand smoke claim fails to state a conditions of confinement claim under the Eighth Amendment; and (iv) Plaintiff's retaliation claim fails to show either that he suffered an "adverse action" or that there is a causal connection between his filing of grievances and the purported "adverse actions."

On May 20, 2009, this Court issued a Report and Recommendation recommending that Defendants' motion be granted in part and denied in part. [Document # 22]. On June 16, 2009, District Judge Sean J. McLaughlin issued a Memorandum Order adopting this Court's Report and Recommendation, dismissing Plaintiff's claim for monetary damages against the Defendants in their official capacities, and allowing the remainder of Plaintiff's claims to proceed. [Document # 23]. Shortly thereafter, Defendants filed an Answer to Plaintiff's complaint. [Document # 24]. A case management conference was subsequently held by this Court on September 11, 2009, during which deadlines for discovery and the filing of dispositive motions were set.

On February 26, 2010, Defendants filed a motion to dismiss for failure to prosecute [Document # 29], disclosing that Plaintiff was deported to the Dominican Republic on September 30, 2009. (See Declaration of John McCarthy attached as Exhibit B to Document # 29, at ¶ 3). Since then Plaintiff has failed to notify the Court or Defendants of his location. In the meantime, the deadlines set by this Court have expired and Defendants have been unable to

serve Plaintiff with discovery requests or a dispositive motion. In this Court's Order dated August 4, 2008, Plaintiff was ordered to "immediately advise the court of any change of address," and was notified that "[f]ailure to do so may result in dismissal for failure to prosecute if the court and other parties are unable to serve pleadings, orders and other documents upon Plaintiff." [Document # 9 at p. 2].

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since his deportation on September 30, 2009, Plaintiff has taken none of the necessary steps to prosecute this case. Further, Plaintiff has ignored an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceeding.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss for failure to prosecute [Document # 29] be granted and that this case be dismissed due

to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: June 28, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge